KLEIN J.
Appellant was injured while operating a power saw and sued his employer. The trial court granted the employer’s motion for summary judgment, concluding that the alleged misconduct of the employer was insufficient to overcome worker’s compensation immunity. We affirm.
Appellant had been using the machine for approximately three weeks before he was injured while cutting a piece of wood. He was trained in the use of the machine by the co-employee who had been operating it before appellant assumed that function. The trainer testified that he spent about one week training appellant; however, appellant was not provided with any written materials involving the operation or safety precautions for the saw. Appellant testified that the training just involved “the essential information.” He was not advised to wear a hard hat, use gloves or wear safety glasses. When asked if anyone from the employer had done anything to conceal the dangers of using the saw, appellant responded that there had been no concealment. His affidavit in opposition to the motion for summary judgment stated that he did not receive safety training, was not provided with written warnings, and did not complete any training program regarding the operation of the saw. There was no evidence of prior accidents or injuries or that the employer was aware of a known danger involving the saw.
This accident, which occurred on July 26, 2004 is governed by a statute which requires a plaintiff to show that:
2. The employer engaged in conduct that the employer knew, based on prior similar accidents or on explicit warnings specifically identifying a known danger, was virtually certain to result in injury or death to the employee, and the employee was not aware of the risk because the danger was not apparent and the employer deliberately concealed or misrepresented the danger so as to prevent the employee from exercising informed judgment about whether to perform the work ...
§ 440.11(l)(b)(2), Fla. Stat. (2004).
In Pendergrass v. R.D. Michaels, Inc., 936 So.2d 684 (Fla. 4th DCA 2006), an employer had failed to brace a concrete block wall during construction, and a gust of wind caused the wall to collapse, resulting in the death of an employee. OSCA regulations required masonry walls over eight feet in height to be braced, and the wall involved was fourteen feet high. We affirmed a summary judgment for the employer in Pendergrass. In this case, the misconduct alleged by the appellant is not as egregious as the misconduct alleged in Pendergrass. We therefore conclude that the trial court properly entered a summary judgment under Pendergrass and the cases cited, and accordingly affirm.
HAZOURI and MAY, JJ., concur.